UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN G. GREGORY<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.   1:15-cv-00050-BLW<br>          1:14-cr-00197-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Petitioner Steven G. Gregory's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Civ. Dkt. 1, to which the government has filed a response, Civ. Dkt. 13. Gregory also filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(4). Crim. Dkt. 42. Having reviewed the briefing and the record in this action, the Court enters the following Order denying both motions.

**BACKGROUND**

In 2010, Steven G. Gregory filed for bankruptcy. *Petition* ¶ I, Dkt. 1. While navigating that process, Gregory attempted to conceal around $330,000 in personal funds from the bankruptcy court. *Response* at 4, Civ. Dkt. 13. During that time, Gregory claims that he was under the influence of the pain medications that he was taking for a back

injury he had sustained in a car accident. *Petition* ¶ 18, Civ. Dkt. 1. The government became aware of Gregory's financial misconduct and began investigating. *Response* at 4, Civ. Dkt. 13. When it became clear that criminal charges would be filed against Gregory, a federal defender, Thomas Monaghan, was appointed to represent him. *Id.* Gregory ultimately pled guilty to bankruptcy fraud under 18 U.S.C. § 152. *Petition* ¶ 1, Civ. Dkt. 1. He was sentenced to 30 months of incarceration and ordered to pay $165,343.29 in restitution. *Id.*

On January 20, 2015, Gregory filed a motion under § 2255 claiming that his plea and sentence resulted from government actions that violated his constitutional rights. *Petition*, Civ. Dkt. 1. He claims, among other things, a violation of his right to the substantive due process of law and his right to the assistance of counsel. *Id.* at ¶ I–VI. This Court stayed the Motion until March 21, 2016, pending Gregory's direct appeal to the Ninth Circuit, which was denied. The Government thereafter filed a response to the defendant's § 2255 motion. Civ. Dkt. 13. Gregory's criminal defense counsel, Thomas Monaghan, filed an affidavit on June 20, 2016 regarding the allegations in the petition. Civ. Dkt. 14-1. Gregory also filed a motion under Rule 60 of the Federal Rules of Civil Procedure. Crim. Dkt. 42.

On April 11, 2017, Gregory was released from custody and is now serving a three-year term of supervised release. However, this motion is not moot because Gregory may utilize a § 2255 motion to challenge the length of his supervised release. *See generally Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

**1.      Standard for 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254, incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section

2255. If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

**2.      Standard for Ineffective Assistance of Counsel**

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

To establish deficient performance, a petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This may be shown where "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686–87. There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence . . . ." *Id.*

To establish prejudice, a petitioner must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. This standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381–82 (1986). In assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687) (alterations in original). A court may consider the performance and prejudice components of the *Strickland* test in either order because both must be met. *See Strickland*, 466 U.S. at 697.

"[A]n intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Because of this, counsel has a duty to supply a defendant with adequate and accurate information. *Id.* While an "inaccurate prediction … would not constitute ineffective assistance, the gross mischaracterization of the likely outcome, … combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." *Id.* (Citations omitted)

# ANALYSIS

**1.      2255 Petition**

Gregory claims that (A) his rights were violated because the Pre-Sentencing Report (PSR) inaccurately stated that $165,343.29 was still missing from the total amount ($330,000) he concealed during the bankruptcy proceedings; (B) his rights were violated because the government did not file charges within 180 days of knowing that a crime had been committed, and because his counsel did not move to have the charges dismissed based on this violation of the "180-Day Rule," (C) his rights were violated in a number of ways during the bankruptcy proceedings, and (D) he did not have the effective assistance of counsel because Monaghan (1) did not object that the PSR stated that Gregory still owed $165,343.29 and (2) promised Gregory that if he pled guilty he would only get probation.

**A.      *Error in Pre-Sentencing Report***

Gregory claims that his due process rights were violated because his PSR inaccurately stated that $165,343.29 was still missing from the $330,000.00 that he attempted to hide from the bankruptcy judge. Gregory claims that this is false and/or that the government is hiding the money. He maintains that this inaccuracy caused this Court to sentence him to detention rather than merely probation.

"Violations of a defendant's due process rights occur when a court relies on materially false or unreliable information in sentencing." *United States v. Columbus*, 881 F.2d 785, 787 (9th Cir. 1989). To succeed on a due process claim based on information

contained in a PSR, a claimant "must show that that the disputed information is (1) false or unreliable, and (2) demonstrably made the basis for his or her sentence." *Id*.

Neither element is satisfied here. First, Gregory has not provided any evidence to indicate that the PSR was either inaccurate or unreliable. Second, there is no evidence that the allegedly missing funds had any effect on the sentence imposed. The Federal Sentencing Guidelines considered only the total amount that Gregory hid from the Bankruptcy judge, not the amount that was still missing. *PSR,* Crim. Dkt. 17. This yielded a guideline range of 30 to 37 months of custody. *Id.* Gregory received the shortest length of custody suggested by the guidelines. Furthermore, this Court based its conclusion that probation was inappropriate on the 3553(a)(2) factors concerning deterrence, not on the missing money. *Sentencing Transcript*, at 21–22, Crim. Dkt. 33.

Because there is no evidence that the PSR was either inaccurate or unreliable, and because the disputed information had no effect on the length of Gregory's incarceration or the decision to place Gregory in custody rather than on probation, Gregory's claim that his due process rights were violated by the PSR must be dismissed.

### B. *180-Day Rule*

Gregory claims that his right to a speedy trial was violated because the government failed to prosecute within 180 days of discovering the allegations underlying the fraud charges, thereby violating the "180-Day Rule." He further claims that Monaghan was ineffective for failing to move for dismissal based on the government's violation of this "180-Day Rule."

**MEMORANDUM DECISION AND ORDER - 7**

This claim fails as a matter of law. Some states require that a prisoner be tried within 180 days of being arrested and held in custody, *see, e.g.*, Texas Code of Criminal Procedure § 32.01, but this "180-Day Rule" simply does not apply in federal court. The federal government does impose certain time limits on criminal proceedings under the Speedy Trial Act, 18 U.S.C. § 3161. However, the Speedy Trial Act does not specify the time in which charges must be brought. Such deadlines are instead set by applicable statutes of limitations. Here, there is no dispute that charges were brought within the applicable five-year statute of limitations. *See* 18 U.S.C. § 3832. Accordingly, Gregory's claims that his rights were violated because the government failed to timely prosecute him, and because his attorney failed to move to have the case dismissed based on a violation of this "180-Day Rule," have no legal basis. These claims will be dismissed.

### C. *Bankruptcy Proceedings*

Gregory also asserts that his conviction should be vacated due to constitutional violations that occurred during the underlying bankruptcy proceedings. While the petition lacks clarity, Gregory appears to assert the following: (1) that his bankruptcy counsel was ineffective, violating his Fifth Amendment right to due process and his Sixth Amendment right to Counsel, (2) that the actions of the bankruptcy judge violated his Fifth Amendment right to due process, and (3) that he was coerced into testifying during the bankruptcy proceedings in violation of his Fifth Amendment rights to due process and right against self-incrimination, as well as his Fourth Amendment rights.

**(1)     Ineffectiveness of Bankruptcy Counsel**

Gregory asserts that his bankruptcy attorney's "malpractice and or [sic] negligence" violated his Fifth Amendment due process and Sixth Amendment rights to effective assistance of counsel.  *Petition* ¶ I. Gregory's Sixth Amendment claim fails because there is no absolute Sixth Amendment right to counsel in bankruptcy or other civil proceedings. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (finding no right to counsel in bankruptcy proceedings). Moreover, due process does not require appointment of counsel in a civil case unless the indigent "litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty.*, N. C., 452 U.S. 18, 25 (1981); *see also In re Davis*, 23 B.R. 773, 776 (B.A.P. 9th Cir. 1982) (finding no due process right to counsel in bankruptcy proceedings). The incompetence of counsel during Gregory's bankruptcy proceedings therefore does not amount to a constitutional violation.

**(2)     Actions of the Bankruptcy Judge**

Gregory's claim that his Fifth Amendment due process rights were violated by the bankruptcy judge also fails. Gregory asserts that the judge at his evidentiary hearing did not read each exhibit aloud, word for word, prior to admitting it into evidence, and that the judge interfered with the way that Gregory's attorney was asking him questions. Due process simply does not require bankruptcy judges to read each piece of evidence, word-for-word, prior to entering it into the record. Additionally, the claim that the bankruptcy judge interfered in some way with Gregory's testimony is nebulous and, without any

apparent connection to Gregory's underlying criminal conviction, falls outside the proper scope of a § 2255 petition.

### (3) Coerced Testimony at Evidentiary Hearing

Gregory claims that his Fifth Amendment right to due process and Fifth Amendment right against self-incrimination were violated by aspects of his testimony during the bankruptcy proceedings. Specifically, Gregory asserts that he was coerced into testifying at the evidentiary hearing while under the influence of prescription, narcotic pain medication and without warning that his answers could result in criminal prosecution against him.

These claims fail for several reasons. To begin, Gregory was not in custody, so he was not entitled to *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Moreover, Gregory has not stated a valid Fifth Amendment claim because his incriminating testimony was never used against him in a criminal case. *See Chavez v. Martinez,* 538 U.S. 760, 769 (2003) ("[M]ere coercion does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case against the witness."). The due process claim fails for similar reasons. Obtaining an involuntary statement is not itself a due process violation; the violation occurs when the confession is introduced against the accused in a criminal trial, which did not occur here. *Id.* at 761.

Gregory appears to claim that his Fourth Amendment rights were violated by this same conduct. The Fourth Amendment to the U.S. Constitution prohibits unreasonable

searches and seizures. There is nothing in the petition concerning unreasonable searches and seizures or the issuance of warrants. Accordingly, this claim likewise fails.

For these reasons, Gregory's challenges based on alleged violations of constitutional rights during the bankruptcy proceedings will be dismissed.

### D. *Ineffective Assistance of Trial Counsel*

Gregory has made two claims concerning the legal assistance that he received from Monaghan, appointed counsel during his criminal trial. First, he claims that Monaghan should have objected to the contents of the PSR. Second, he claims that he only pled guilty because Monaghan told him that if he did he would only be sentenced to probation.

#### (1) Counsel's Failure to Object to the PSR

Gregory claims that he received ineffective assistance of counsel because Monaghan did not object to the PSR's assessment of the amount of restitution owed. To claim ineffective assistance of counsel, Gregory is required to show that (1) his attorney acted ineffectively, and (2) that the outcome of the case would most likely have been different if his attorney had been effective. *Strickland*, 466 U.S. at 687.

As to whether Monaghan's acted ineffectively, there is no evidence that the PSR inaccurately stated the amount of restitution owed, nor does the record allow Gregory to claim that he did not know that he would owe some amount of restitution, as his testimony during his arraignment and plea clearly demonstrates his awareness that restitution would be owed. *See, e.g., Arraign. and Plea Transcript* at 19:13–22, Crim.

Dkt. 40 (Judge Dale: "Do you also understand that he Court likely will order you to pay restitution. In this case, in the plea agreement the restitution amount is sum $330,000 minus any amounts that the bankruptcy trustee is able to recover. Do you understand that the Court likely will order you to pay restitution?" Gregory: "I'm aware of that, Your Honor, but it might be very difficult for me to pay that.").

As to whether Monaghan's assistance adversely affected Gregory's sentence, as already explained, the amount of restitution owed did not impact the length of Gregory's term of incarceration. Furthermore, Gregory received a reduction in his sentence because he accepted responsibility for his crime. If Monaghan had chosen to make the factually unsupported argument that the government was hiding the remaining $165,343.29, it is likely that Gregory would have actually served a longer term in prison.

Ultimately, there is nothing to indicate that the decision not to contest the amount owed in restitution was ineffective, or that Monaghan's failure to raise this point was prejudicial. This claim for ineffective assistance of counsel must be dismissed.

### (2) Counsel's Promise of Probation

Gregory includes in his Statement of Facts several assertions regarding a promise that influenced him to plead guilty. Specifically, Gregory asserts that he "was lead [sic] to believe that he would be placed on probation by his attorney Thomas Monaghan." *Petition* ¶ 1. He goes on to state that he "would not have plead [sic] guilty, if it were not for the promise that he would only receive a sentence of probation for his guilty plea," *id.* ¶ 35. The Court will liberally construe these allegations as a distinct claim for ineffective

assistance of counsel, based on Monaghan's alleged misinformation regarding the possibility of prison time.

To demonstrate ineffective assistance in the context of a guilty plea, Gregory must prove that his attorney's advice regarding the plea was objectively unreasonable and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In this case, the claimed error is counsel's failure to inform Gregory that he might receive a prison sentence if he pled guilty. "[T]he gross mischaracterization of the likely outcome," such as a guarantee that a defendant will receive a particular sentence, "combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citations omitted). However, the record here contradicts Gregory's assertion that Monaghan, himself, promised a sentence of probation, or failed to advise Gregory that a prison sentence was possible even under the plea agreement.

In his affidavit, Monaghan disavows the claim that he made any guarantees or promises to Gregory as to what his sentence would be. Monaghan states that he reviewed the Guidelines range of 30–37 months with his client and advised Gregory that he would ask the Court for a sentence of probation. *Monaghan Affidavit* ¶ 5, Civ. Dkt. 14-1. He also states that he informed Gregory about the possibility of prison time, and that Gregory was "very likely going to do time." *Id.* Monaghan asserts that his timekeeping notes indicate the same. *Id.*

The statements of counsel are corroborated by Gregory's sworn declarations at the plea hearing. During that hearing, Gregory twice affirmed that no one had made any promises or offered any inducement other than the matters expressed in the plea agreement, to persuade him to plead guilty. *Arraign. and Plea Transcript* at 35:15–23, Crim. Dkt. 40. He further affirmed, after some clarification from the Court, that he understood he faced a maximum sentence of 5 years' imprisonment, and that the Court had the power to impose a sentence of imprisonment. *Id.* at 17:7–19:10. Gregory's sworn statements in open court that he understood his potential sentence, and was not influenced by any promises, are entitled to a strong presumption of truthfulness. As the Supreme Court has instructed, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings," since "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings . . . .") (*citing United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001)).

Gregory's assertion that he was promised probation contradicts his prior sworn testimony and the sworn statements of his counsel, and is made with no credible supporting facts. When viewed against the record, the Court must conclude that this claim is "palpably incredible," and "warrant[s] summary dismissal." *United States v.*

*Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam) (*citing Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also Blackledge*, 431 U.S. at 74 (U.S. 1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Quan*, 789 F.2d 711 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required").

In sum, the record in this case conclusively show that Gregory had the assistance of competent counsel throughout his criminal proceedings. This claim will be dismissed.

2.     **Rule 60(b) Motion**

Gregory also filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(4). Crim. Dkt. 42. No reply brief was filed.

Gregory's motion appears to request that his criminal judgment be set aside as void, pursuant to Federal Rule of Civil Procedure 60(b). However, Rule 60(b) is a *civil* motion and cannot be used to seek direct relief from a *criminal* judgment. Federal Rule of Civil Procedure 1 states that, "These rules govern the procedure in all civil actions." Rule 81 of the Federal Rules contains a list of the exceptions to Rule 1, in which "criminal proceedings" is not included. Fed. R. Civ. P. 1, 81; *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Therefore, Rule 60(b) cannot be used to void a judgement in a criminal case. The appropriate vehicle for asserting these claims of structural errors was direct criminal appeal of Gregory's conviction and sentence.

A Rule 60(b) motion can be used in a civil post-conviction action, either to seek relief from a judgment denying a § 2255 motion, *see Gonzalez v. Crosby*, 545 U.S. 524, 533-36 (2005), or as a successive § 2255 motion, *see U.S. v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011). Plaintiff filed his motion before the Court issued the present order on his original § 2255 motion. If it was intended as a true motion for reconsideration, therefore, it must be denied for having been prematurely filed. Moreover, Gregory makes clear that "this motion is not to be construed as an 'unripe' § 2255 motion." Crim. Dkt. 42 at 2. Accordingly, finding no appropriate grounds for bringing this Rule 60(b)(4) motion, it will be denied.

3.   **Certificate of Appealability**

When the district court enters a final order denying a petition under 28 U.S.C. § 2255, it must either issue or deny a certificate of appealability (COA). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Gregory has failed to make that showing. Accordingly, no certificate of appealability shall issue from this Court.

If Gregory wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty (30) days after entry of

this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

## CONCLUSION

For all of the reasons state above, the Court finds no reason to set aside Gregory's conviction or sentence at this time, or to conduct an evidentiary hearing on the same. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S. § 2255 (Civ. Dkt. 1) is DENIED. Defendant's Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) (Crim. Dkt. 42) is procedurally barred and will likewise be DENIED.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) (Crim. Dkt. 42) is **DENIED**.

2. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 36) is **DENIED**.

3. No certificate of appealability shall issue. Gregory is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Gregory files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this

Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

5. The Court will issue a separate Judgment as required by Rule 58(a).

DATED: July 21, 2017

B. Lynn Winmill
Chief Judge
United States District Court